Statement Of Claim Updated

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

---

**Jane Doe,**
Plaintiff,

v.

**Brown University, Lifespan, Butler Hospital, Care New England, and affiliated officials,**
Defendants.

---

STATEMENT OF CLAIM (UPDATED)

Plaintiff Jane Doe, proceeding pro se and under pseudonym by prior Court order, respectfully submits this Statement of Claim in support of her Complaint, Relief Request, and Emergency Motion.

---

COUNT I – Disability Discrimination (ADA, Rehabilitation Act, R.I. Gen. Laws ch. 42-87)

Defendants discriminated against Plaintiff on the basis of neurodivergence and medical disability by denying reasonable accommodations, disregarding medical documentation, and subjecting Plaintiff to adverse actions including retaliation and constructive termination.

---

COUNT II – Failure to Accommodate

Despite Plaintiff's repeated requests and supporting medical documentation, Defendants failed to engage in an interactive process or provide reasonable workplace accommodations, in violation of the ADA, Section 504, and Rhode Island disability statutes.

---

COUNT III – Retaliation for Protected Activity (ADA, Title IX, FCA § 3730(h))

When Plaintiff reported discrimination, bias, and suspected misuse of federal grant funds, Defendants retaliated through intimidation, marginalization, denial of opportunities, and eventual destruction of Plaintiff's career and financial stability. This conduct constitutes retaliation under ADA, Title IX, and the False Claims Act's whistleblower protection (§ 3730(h)).

---

COUNT IV – Gender-Based Discrimination (Title IX, Title VII, Equal Pay Act)

Defendants engaged in discriminatory treatment of Plaintiff based on gender and disability, including unequal treatment in pay, workload allocation, and access to institutional resources.

---

COUNT V – Hostile Work Environment & Constructive Discharge

Plaintiff was subjected to pervasive hostile conditions, including mismanagement, bias, and retaliatory conduct, such that continued employment became intolerable. Plaintiff was forced into constructive discharge, losing livelihood, housing stability, and long-term earning potential.

---

COUNT VI – Tampering with Evidence & Due Process Failure

Defendants attempted to suppress, conceal, or "quietly deal with" Plaintiff's protected disclosures, including irregularities in research effort reporting. Such concealment violated due process and evidences scienter under the False Claims Act.

---

COUNT VII – Mismanagement & Federal Grant Violations (False Claims Act, R.I. False Claims Act)

Defendants engaged in improper effort reporting and underpayment practices by splitting research staff across multiple studies, underreporting time, and misallocating federally funded effort. This constitutes false certification to the federal government under 31 U.S.C. § 3729(a)(1) and parallel Rhode Island law.

- Plaintiff made original-source disclosures of these violations.
- Defendants retaliated against Plaintiff for attempting to preserve the integrity of the grant, the lab, and colleagues.

*Footnote*: Pursuant to the Federal False Claims Act (31 U.S.C. §§ 3729–3733) and the Rhode Island False Claims Act (R.I. Gen. Laws § 9-1.1-1 et seq.), Plaintiff reserves rights to seek statutory relator's share of 15–30% of any government recovery, in addition to damages for retaliation (§ 3730(h)). By statute, such claims are appropriately maintained under seal (§ 3730(b)(2); R.I. Gen. Laws § 9-1.1-4).

---

RELEVANCE TO BUTLER HOSPITAL STRIKE & CARE NEW ENGLAND

The ongoing strike by Butler Hospital employees, including nurses and support staff, highlights systemic unlawful employment practices, understaffing, and underpayment—conditions mirroring Plaintiff's own experience. Plaintiff directly observed improper effort reporting, denial of resources, and retaliation under the same management structure. These issues reinforce that Plaintiff's case is part of a broader institutional pattern of misconduct, fraud, and exploitation.

RELIEF REQUESTED

Plaintiff respectfully seeks:

1. Compensatory damages for lost wages, benefits, housing security, and future earnings;
2. Punitive damages for discrimination, retaliation, and fraudulent concealment;
3. Statutory whistleblower relief, including relator's share, treble damages, and attorney's fees under 31 U.S.C. § 3730(d);
4. Injunctive relief requiring Defendants to reform research compliance, employment, and accommodation policies;
5. Any other relief the Court deems just and proper.

---

**Respectfully submitted,**

Jane Doe (pro se)
Dated: 8/20/2025

[Filed Under Seal – Contains Sensitive Information]