UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JANE DOE,<br>    Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY, et al<br>    Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 1:25-cv-00311-MSM-PAS<br>)<br>)<br>)<br>) |

ORDER

Mary S. McElroy, United States District Judge.

    The Plaintiff has filed a Motion to Proceed *In Forma Pauperis,* which requires the Court to review the Complaint to determine whether it states a plausible federal claim for relief. Here, the Plaintiff invokes the federal question jurisdiction of the Court, alleging a violation of Title I of the Americans with Disabilities Act (ADA), of the Rehabilitation Act, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2. While a *pro se* litigant is entitled to some latitude, that status "does not insulate a party from complying with procedural and substantive law." *Poirier v. Mass. Dept. of Corrections,* 160 F. Supp.3d 399, 404 (D. Mass. 2016), quoting *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997). In this Complaint, the plaintiff sets out allegations that are largely conclusory and lack the factual allegations that would allow the Court to be satisfied that the claim is plausible.

    The Plaintiff filed an Amended Complaint to reflect the Court's permission to proceed by pseudonym. In doing so, she also gave pseudonyms to the defendants who

were apparently her supervisors and whose acts she cites as unlawful. And she unaccountably omitted some of the factual allegations made in the original Complaint. Because she is proceeding *pros se,* the Court has considered the allegations in both the original and Amended Complaint. Still, the Complaint is deficient in a number of respects.

A Complaint brought under the ADA must allege the material elements of disability discrimination. *Rodriguez Diaz v. Big K-Mart,* 582 F. Supp.2d 147, 153 (D.P.R. 2008). A plaintiff must first allege that they suffer from a *qualified* disability, one that substantially limits engagement in specific major life activities. *Id.* Ms. Doe is not specific about the disability she suffers. In the original Complaint she lists ADHD, OCD, PTSD "and genetic and related psychiatric conditions." In the Amended Complaint she does not specify diagnoses but alludes to a symptom of panic attacks. In neither complaint does she plausibly allege that she suffers from a "physical or mental impairment" that affects "major" life activities (those that are "of central importance to daily life), and that the ability to engage in the major life activity is "substantially limited." *Ramos-Echevarria v. Pichis, Inc.,* 659 F.3d 182, 187 (1st Cir. 2011).

A successful Plaintiff in an ADA claim must also that they are qualified and capable of doing the job they were employed to do, with or without accommodation. The Plaintiff does not allege anything with respect to this element. Ms. Doe asserts that she was approved for an accommodation which was not implemented. The Complaint, however, lacks sufficient detail about the accommodation or in what

respect it fell short. She suggests that she found weekly meetings with a particular supervisor difficult, but she does not connect that difficulty to her disability. She also alleges that the workplace became so hostile because of her disability that she was unable to perform the job and was thereafter terminated, but she provides no factual detail from which the Court can infer that the standard for hostile workplace might be ultimately met. A hostile work environment is one that subjected the plaintiff to "severe or pervasive harassment that materially altered the conditions of her employment." *Noviello v. City of Boston,* 398 F.3d 76, 92 (1st Cir. 2005).

To meet the pleading burden for a discrimination claim, the plaintiff must include sufficient facts from which the Court can judge her claims to be plausible. As to the Title VII gender discrimination claim, it is not sufficient to simply allege that male colleagues were treated differently, or more favorably, without anything more that might demonstrate discriminatory intent.

Finally, while the Complaint names Colin Stein of the Brown University General Counsel office as a defendant, there are no allegations in the Complaint at all that give rise to a cause of action against him, and he is DISMISSED.

The plaintiff is allowed until December 1, 2025, in which to file an Amended Complaint in accordance with Fed. R. Civ. P. 15. The plaintiff is cautioned that an Amended Complaint must include all claims against all defendants and is intended to *replace* (not be added to) the original Complaint. If an Amended Complaint is filed that does not cure the deficiencies, or if no Amended Complaint is filed at all, the case will be dismissed. The plaintiff has demonstrated her entitlement to *In Forma*

*Pauperis* ("IFP") status, but for now the IFP Motion (ECF No. 2) and the Motion to Appoint Counsel (ECF No. 10) are deferred.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

October 30, 2025