**From:** RID_ECF_INTAKE
**To:** Yedili Genao Perez; RID_ECF_INTAKE
**Subject:** RE: Inquiry Regarding ADR Options
**Date:** Tuesday, August 18, 2026 8:00:58 AM

Good morning, Yedili,

Please be advised a formal motion must be filed if you intend to request an extension of time. As you are aware, the Court cannot extend deadlines via email or advise on litigation.

Sincerely,
The Clerk's Office

**From:** Yedili Genao Perez <ygenaoperez@gmail.com>
**Sent:** Tuesday, August 18, 2026 6:58 AM
**To:** RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>
**Subject:** Re: Inquiry Regarding ADR Options

**CAUTION - EXTERNAL:**

Hello Clerk's Office,

I am writing to follow up on my prior inquiry regarding ADR. Thank you for your response. Yesterday's information provided a lot of clarity, and after careful consideration and reading, I do not believe ADR is a viable path forward in this matter. As the Court's own guidance notes highlights, ADR may not be appropriate where a party needs the protections of formal litigation, or where there is an extreme imbalance of power between the parties. Both circumstances apply here, and I intend to proceed through the formal litigation process rather than pursue ADR at this time.

Separately, I want to make the Court aware of a practical obstacle I encountered while preparing to submit my opposition to the pending motions to dismiss. I experienced an internet service cutoff, which has affected my ability to access reliable internet. As a pro se plaintiff, I rely on internet access to review federal court guidelines and procedures directly from the Court's website, familiarize myself with federal court rules, and to prepare, transmit, and file documents. I will need to source internet access from alternative locations during business hours, such as a public library or a hospital waiting room during scheduled appointments, in order to complete and submit my formal filings from my laptop.

While I am still waiting for documents from one defendant, I want to assure the Court that I intend to submit my opposition and meet all applicable requirements and deadlines for the case. I am flagging this issue proactively so the Court has context. I can write a formal motion for any requests once I can work with reliable internet from my laptop later today.

Thank you for your time and attention to this matter, and apologies for any inconvenience at this time.

Best regards,




Sent from mobile device

On Mon, Aug 17, 2026 at 12:34 PM RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov> wrote:

> Good afternoon, Yedili,
>
> As you are aware, we are unable to provide you with legal advice, however, if the parties are requesting a joint referral to mediation with a Magistrate Judge, a very brief motion must be filed.
>
> It is likely that due to the pending Motions to Dismiss and numerous other motions, the Court will likely not refer the case until all pending motions are ruled on.
>
> Sincerely,
> The Clerk's Office
>
> **From:** Yedili Genao Perez <ygenaoperez@gmail.com>
> **Sent:** Monday, August 17, 2026 12:09 AM
> **To:** RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>
> **Subject:** Inquiry Regarding ADR Options
>
> **CAUTION - EXTERNAL:**
>
> Dear Clerk's Office,
>
> I am writing to inquire about the Court's Alternative Dispute Resolution (ADR) program for Case No. 1:25-cv-00311-MSM-PAS.
>
> Defendants' counsel and I have been in contact, and there is a mutual willingness to explore and engage in resolution / settlement discussions. Additionally, I am currently still recovering from an unexpected allergic reaction and liver injury, and given the demands of active litigation on my health, I would like to better understand what ADR processes may be available to us before a trial and how to properly initiate one, if needed.
>
> Could you please advise on the following, or direct my inquiry to the appropriate person within the court:
>
> 1. What is the process for requesting ADR referral at this stage of the case, given that the parties have expressed mutual interest?
>
> 2. Whether mediation, early neutral evaluation, or a settlement conference with a magistrate judge would be most appropriate to request given the case's procedural posture;
>
> 3. What steps I need to take, as a self-represented party, to formally request or initiate an ADR referral;
>
> 4. Any relevant forms, deadlines, or procedural requirements I should be aware of.
>
> I appreciate the Court's guidance on this matter and am happy to provide any additional information that would be helpful.
>
> Thank you for your time and assistance.
>
> Kind regards,
>
> **CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.